UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUVELLE SANDERS,
on behalf of himself and
all others similarly situated,

       Plaintiff,                                  Case No. 23-cv-318

      v.

MID-CITY FOUNDRY CO.,

       Defendant.

## ORDER APPROVING COLLECTIVE ACTION SETTLEMENT AND GRANTING CERTIFICATION OF A COLLECTIVE ACTION FOR SETTLEMENT PURPOSES

Having reviewed the parties' Stipulation to Certify a Collective Action Pursuant to the Fair Labor Standards Act (ECF No. 26), their Settlement Agreement & Release (ECF No. 28-1), Joint Motion for Approval of Collective Action Settlement and for Certification for Settlement Purposes (ECF No. 27), and the parties' filings in support thereof,

**IT IS HEREBY ORDERED** that:

1. Certification of a collective action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), is **GRANTED** and is defined as:

> All hourly-paid employees employed by Defendant between March 9, 2020, and March 9, 2023, who received a form of compensation, such as a monetary bonus, premium, incentive, award, and/or other reward and/or payment, during a workweek in which said employees worked more than forty (40) hours during the representative time period to which the form of compensation applied.

("Putative Collective Members").

2. The parties' Settlement Agreement (ECF No. 28-1) is **APPROVED** as representing a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

3. The Notice of Settlement ("Notice") attached to the parties' Settlement Agreement as Exhibit A is **APPROVED** and constitutes the best notice practicable under the circumstances, including individual notice to all members of the FLSA Collective who can be identified with reasonable effort.

4. The parties' Notice constitutes a valid, due, and sufficient notice to putative FLSA Collective Members in full compliance with the requirements of applicable law.

5. Sending of the Settlement Checks called for by the Settlement Agreement, along with the Notice (the "Notice Packet") to all putative FLSA Collective Members is **AUTHORIZED**.

6. Each Putative Collective Member who wishes to make a claim and opt in to the litigation must cash, deposit, or otherwise negotiate his or her Settlement Check per the Notice and within ninety (90) calendar days of the postmark date on the Notice Packet.

7. Named Plaintiff and any Putative Collective Member who timely cashes, deposits, or otherwise negotiates his or her Settlement Check releases all FLSA claims against Defendant ("FLSA Collective Members").

8. The Settlement Agreement is binding on Named Plaintiff, Defendant, and all individuals who opt in

9. to the FLSA Collective.

10. Named Plaintiff's Service Award as agreed to by the parties is **APPROVED**.

11. Plaintiff's counsel's attorneys' fees and costs as agreed to by the parties are **APPROVED**.

12. The released claims of Named Plaintiff and all FLSA Collective Members as described in the Settlement Agreement are hereby **DISMISSED** with prejudice.

13. This matter in its entirety is hereby **DISMISSED** on the merits, with prejudice, and without further costs to either party.

Dated at Milwaukee, Wisconsin this 4th day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge